IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARI NEWMAN,

      Plaintiff,                              No. CIV S-11-1780 KJM-DAD

    vs.

WASHINGTON MUTUAL HOME LOANS,
d/b/a Chase Home Finance LLC; et al.,

      Defendants.                   <u>ORDER</u>

/

          On August 22, 2011, the court ordered plaintiff to show cause within fourteen (14) days why sanctions should not be imposed against her or her counsel for their failure to comply with Local Rule 230(c) and why the case should not be dismissed for failure to prosecute. (ECF 8.) The court was prompted to do so upon plaintiff's failure to file and serve an opposition or statement of non-opposition to the motion to dismiss filed by defendant JPMorgan Chase Bank (erroneously sued as Washington Mutual Home Loans) on July 13, 2011. (ECF 5.) Plaintiff did file a document entitled "limited response to defendant Chase's motion to dismiss" on August 24, 2011. (ECF 9.)

/////

/////

/////

1    Plaintiff's "response" is not a satisfactory response to the order to show cause or
2 an opposition to defendant's motion to dismiss.  This two-page document, following a cursory
3 apology in light of miscalendering, merely lists the causes of action in plaintiff's complaint and
4 either seeks leave to amend or voluntarily dismisses each one.  It does not include an attached
5 proposed amended complaint, nor does plaintiff provide the court with any information
6 regarding how she intends to amend the complaint.

7    Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give
8 leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule
9 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149,
10 1160 (9th Cir. 1989).  However, "the liberality in granting leave to amend is subject to several
11 limitations. Leave need not be granted where the amendment of the complaint would cause the
12 opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or
13 creates undue delay." *Id.*, 866 F.2d at 1160 (internal citations omitted).  Here, considering the
14 utter lack of information plaintiff has provided the court, it is impossible for the court to grant
15 leave to amend.

16    "A federal district court has the inherent power to dismiss a case *sua sponte* for
17 failure to prosecute . . . ." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991).  Local Rule 110
18 states: "Failure of counsel or a party to comply with these Rules or with any order of the Court
19 may be grounds for imposition by the Court of any and all sanctions authorized by statute or
20 Rule or within the inherent power of the Court."  Although plaintiff has failed to respond
21 adequately either to the court's August 22, 2011 order to show cause or comply with Local Rule
22 230(c), the court will grant leave to amend while cautioning plaintiff that further failures to
23 prosecute may result in dismissal with prejudice.

24 /////
25 /////
26 /////

Accordingly, it is hereby ORDERED:

1) this case is DISMISSED WITHOUT PREJUDICE;

2) defendant's motion to dismiss is DENIED as moot; and

3) plaintiff has fourteen (14) days from the filing of this order to file an amended complaint; failure to do so will result in the closure of this case.

IT IS SO ORDERED.

DATED: September 15, 2011.

                                        UNITED STATES DISTRICT JUDGE